UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF MICHIGAN

_____

In re:

MARK ALLEN KRIEGER and JAME SUE        Case No. DK 19-02148
SECONDINO KRIEGER,                     Chapter 11
                                       Hon. Scott W. Dales
            Debtors.

_____/

MEMORANDUM OF DECISION AND ORDER

PRESENT:    HONORABLE SCOTT W. DALES
            Chief United States Bankruptcy Judge

By Memorandum of Decision and Order dated December 18, 2019 (ECF No. 132, the "MDO") the court granted several motions of creditors First Financial Bank, N.A. ("First Financial") and BMO Harris Bank ("BMO") for relief from the automatic stay and for related relief under 11 U.S.C. § 543(d). Chapter 11 debtors Mark and Jame Sue Krieger (the "Debtors") timely moved for reconsideration of the MDO. First Financial and BMO (the "Banks") responded; the Debtors did not reply. The court has considered the parties' contentions on the papers, without oral argument.

For the following reasons, the court will deny the Debtors' Motion for Relief from and Reconsideration of the December 18, 2019 Memorandum of Decision and Order on Motions for Relief from Automatic Stay Filed by First Financial Bank, N.A. and BMO Harris Bank and BMO Harris Bank's Request for an Order Under 11 U.S.C. § 543(d)(1) Excusing State Court Receiver from Turn Over of Receivership Property (ECF No. 134, the "Motion").

The Debtors seek relief under Fed. R. Civ. P. 60(b)(1),[1] arguing that the court "made a substantive mistake of fact or law by granting relief from stay to BMO and First Financial for reasons beyond the Debtors' prepetition waiver of the automatic stay and agreement not to oppose a motion for relief from stay."  *See* Motion at ¶ 12.  The Debtors argue that, in entering the MDO, the court disregarded two scheduling orders purporting to restrict the issues for the court's decision to the following:

> a.        Whether cause existed under 11 U.S.C. § 362(d)(1) for granting BMO relief from the automatic stay **on the basis that the Debtors signed a prepetition forbearance agreement that included a provision whereby the Debtors agreed to consent to and not oppose BMO's motion for relief from stay** (Emphasis added);
>
> b.        Whether the Indiana State Court Receiver, Halderman Farm Management & Real Estate Service should be excused from compliance with 11 U.S.C. § 543(a) and (b).

*See* Motion at ¶ 5 (original emphasis).  They complain that the court incorrectly considered issues involving equity in the encumbered pastureland and the feasibility of a reorganization.  This is not a fair reading of the MDO.

The court avoided any determination of value, and therefore never addressed "equity" in the usual sense of comparing property value and balances on secured debt.  The court's observation

---

[1] The court has typically treated a motion that seeks to alter a substantive aspect of the court's ruling as made under Bankruptcy Rule 9023 (adopting Fed. R. Civ. P. 59(e)), and a motion raising issues collateral to the merits as made under Bankruptcy Rule 9024 (incorporating Fed. R. Civ. P. 60).  *See In re Barker-Fowler Elec. Co.*, 141 B.R. 929, 935 (Bankr. W.D. Mich. 1992) (noting "considerable overlap" between the rules but drawing this distinction); *see also In re Grady*, 417 B.R. 4, 6 (Bankr. W.D. Mich. 2009) (citing *Barger v. Hayes County Non-Stock Co-op (In re Barger)*, 219 B.R. 238, 244 (8th Cir. BAP 1998) for the proposition that courts generally view "any motion which seeks a substantive change in a judgment as a Rule 59(e) motion, if it is made within [fourteen] days of the entry of the judgment challenged.").  Reconsideration under Bankruptcy Rule 9023 is the exception, not the rule, available only in limited circumstances involving: (1) a clear error of law; (2) newly-discovered evidence; (3) intervening changes in controlling law; and (4) manifest injustice.  *In re Modern Plastics Corp.*, 536 B.R. 783, 785-86 (Bankr. W.D. Mich. 2015) (citing *GenCorp. Inc. v. American Int'l Underwriters*, 178 F.3d 804, 834  (6th Cir.1999), and *In re No–Am Corp.*, 223 B.R. 512, 513 (Bankr. W.D. Mich.1998)).  Here, however, because the Debtors move under Fed. R. Civ. P. 60(b)(1), citing *U.S. v. Reyes*, 307 F.3d 451, 455 (6th Cir. 2002), the court will apply that rule.  Regardless of whether the court applies Bankruptcy Rule 9023 or 9024, a post-trial motion does not present an opportunity to reargue a case.

that the state courts had foreclosed the Debtors' "equity of redemption" was not a valuation decision, only a statement about the late stage of the prepetition proceedings as of the petition date.

Similarly, the court did not consider the feasibility of reorganization because the Debtors had not filed a plan as of the entry of the MDO.  Indeed, as of today, they have still not proposed a plan of reorganization.  Instead, the court expressed its unfavorable view of the pace of this proceeding considering the obvious fact that the Debtors, in subscribing to a "forbearance agreement that included a provision whereby the Debtors agreed to consent to and not oppose [each Bank's] motion for relief from stay" bargained for forbearance in exchange for avoiding delay in the bankruptcy court.[2]  The scheduling orders permitted the court to consider the forbearance agreement *and* the stay relief provisions, and the parties offered (or did not object to) evidence of the circumstances surrounding the agreements.  Because of the Banks' obvious concern about delay, and their unchallenged argument based on expiration of the exclusivity period and seven months of bankruptcy protections without filing a plan, the court properly found cause under § 362(d)(1).  The finding was one of prejudicial delay, not plan feasibility, premised on the testimony adduced during the hearing about the circumstances surrounding the execution of the forbearance agreement and the terms of the agreements themselves.

As the court noted in the MDO, if the parties had intended for the court to make a purely legal determination about the enforceability of prepetition waivers of the automatic stay, they

---

[2] Although the Debtors argue that "[i]t was clear legal error for this Court to rely upon the *Holly's* decision in determining there was cause for granting BMO and First Financial relief from stay," (Motion at ¶ 17), because that decision relied on § 362(d)(2), there was no such error.  The court expressly acknowledged that Judge James D. Gregg's decision in *Sumitomo Trust & Banking Co. v. Grand Rapids Hotel L.P. (In re Holly's Inc.)*, 140 B.R. 643, 687 (Bankr. W.D. Mich. 1992), involved § 362(d)(2), but cited it while considering the relationship between delay and stay relief, concluding that "the expiration of the exclusivity period without any request to extend it signals a sluggish pace of the case, highlighting existing, and forecasting further, delay of the sort the Stay Provisions were designed to mitigate."  MDO at p. 18.

would not have agreed to conduct an *evidentiary* hearing.  Indeed, the MDO emphasized that the determination of "cause" under § 362(d)(1) requires the court to weigh facts, which it did.

Moreover, as BMO notes in its response brief, case law obviously made the status of the reorganization relevant under § 543(d).  It would have been confusing folly to restore the receivership (which the evidence supported) without granting stay relief "on the basis that the Debtors signed a prepetition forbearance agreement . . ." that induced the Banks to forbear for a considerable period of time prepetition.  Much of First Financial's collateral is also included within the receivership estate, making it imprudent to compartmentalize the decision under § 543(d) as the Debtors seems to request in their Motion.  Given the close cooperation between First Financial and BMO, and the considerably overlapping collateral packages, it was unwise to hermetically seal one party and claim for relief from another.

Similarly, the court's decision to favor the state court receiver involves no clear error of law or fact, only a difference of opinion.  The court acknowledged the receiver's prepetition delays and Mr. Michalic's role in locating buyers for several parcels of real estate, but nevertheless valued more highly the experience and expertise of the receiver, as did the creditors most affected by the decision.  An error of law or fact would require reconsideration; a difference of opinion does not.

NOW, THEREFORE, IT IS HEREBY ORDERED that the Motion is DENIED.

IT IS FURTHER ORDERED that the Clerk shall serve a copy of this Memorandum of Decision and Order pursuant to Fed. R. Bankr. P. 9022 and LBR 5005-4 upon the Debtors, Daniel R. Kubiak, Esq., Joseph M. Ammar, Esq., and Perry G. Pastula, Esq.

END OF ORDER

**IT IS SO ORDERED.**

**Dated January 24, 2020**



Scott W. Dales
United States Bankruptcy Judge